PLAYBOY OF BOSTON, INC. & another *vs.* BOARD OF APPEAL
OF BOSTON & others, trustees.[1]

Suffolk.    March 2, 1971. — March 16, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, SPIEGEL, REARDON, &
BRAUCHER, JJ.

*Equity Pleading and Practice,* Bond, Zoning appeal, Judicial discretion.
*Zoning,* Variance.

In a suit in equity in the Superior Court by way of appeal from a decision
of the board of appeal of Boston granting a variance for the construc-
tion of an office building, an interlocutory decree under St. 1956, c. 665,
§ 11, requiring the plaintiffs to file a $3,000,000 bond and a final de-
cree dismissing the bill upon their failure to do so were reversed by
this court and the case was remanded to the Superior Court for fur-
ther proceedings; following *Damaskos* v. *Board of Appeal of Boston,*
*ante,* 55.

BILL IN EQUITY filed in the Superior Court on January 30,
1970.

A motion for the filing of a bond was heard, and the final
decree was entered by *Cahill,* J.

*Robert M. Bonin* for the plaintiffs.

*Hans F. Loeser* (*John D. Patterson, Jr.,* with him) for
John N. Philips & another.

CUTTER, J.   The plaintiffs appeal from a decision of the
board of appeal (the board) granting a variance to the owners
(the trustees) of premises at 180 to 212 Boylston Street and
18 to 52 Park Square, Boston (the locus) on which the plain-
tiffs' premises abut (see fn. 1).   The trustees applied to the
building commissioner for a building permit which was de-
nied.   Upon appeal to the board, a variance was granted by
a decision which in somewhat general language states the

---

[1] The other plaintiff is the owner of 54 Park Square to 214 Boylston Street.
Playboy of Boston, Inc. is lessee of those premises.   The other defendants are
the trustees owning the locus.

purported reasons for the board's action. The plaintiffs filed this appeal (from the board's action) under St. 1956, c. 665, § 11.

The trustees filed a motion that the plaintiffs be required to furnish a bond pursuant to § 11. In support of this motion, they submitted affidavits of (a) the building commissioner of Boston, (b) the engineer placed by the trustees in charge of coördinating all activities concerning a proposal to construct on the locus a thirty-story office building containing 670,000 square feet of rentable space, and (c) the general counsel of Eastern Gas and Fuel Associates, which has had an option to purchase the locus. The affidavits, if believed, would warrant the conclusions that the plaintiffs' appeal was the principal remaining obstacle to the construction of the building and that the loss from a year's delay to the persons interested in constructing the office building would be not less than $3,000,000. This was because (among other items) of increasing construction costs and a loss of interest on investment already made.

A bond of $3,000,000 was required by an interlocutory decree on June 19, 1970. On July 2, 1970, after notice, a final decree was entered dismissing the bill because of the plaintiffs' failure to file the required bond. The plaintiffs appealed.

The record contains no indication, other than the board's decision, of the grounds for granting the variance. We thus have no adequate basis for deciding whether the plaintiffs' appeal is meritorious. There is no basis for knowing what harm, if any, will be caused to the plaintiffs if the variance is not set aside, or of other equitable considerations which, in accordance with our decision of today in *Damaskos* v. *Board of Appeal of Boston, ante,* 55, may properly be taken into account in determining what penal sum should be set for any bond to be furnished under § 11. It is obvious that few persons in the position of the plaintiffs could afford to take the serious risks, and to incur the costs, of a $3,000,000 bond, even to press a highly meritorious case in opposition to a variance seriously harmful to their interests.

The case is governed directly by our decision in the *Damaskos* case. There is no occasion for repeating what is there said.

The interlocutory decree and the final decree are reversed. The case is remanded to the Superior Court for further proceedings consistent with this opinion and with our opinion in the *Damaskos* case.

*So ordered.*